IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURNEY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-856-WDS |
| ) | |
| HILL CORRECTIONAL CENTER, *et al.*, ) ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff filed a civil action seeking damages for an allegedly unlawful detention. It appears that Plaintiff is not currently confined. Plaintiff also has filed a motion for leave to proceed *in forma pauperis* (Doc. 2); a motion for appointment of counsel (Doc. 3); and a motion for service of process (Doc. 4). Plaintiff's complaint is still under threshold review pursuant to 28 U.S.C. § 1915(e)(2).

Based upon a review of Plaitniff's financial information, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED.**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the

inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED**.

Because Plaintiff's complaint is still under threshold review, Plaintiff's motion for service of process (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 6, 2008.**

                                      **s/ WILLIAM D. STIEHL**
                                      **DISTRICT JUDGE**