**E-FILED**
Monday, 02 August, 2010  09:51:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


BURNEY ROBINSON,
     Plaintiff,

     vs.                             08-1154

HILL CORRECTIONAL CENTER, et al.,
     Defendants

CASE MANAGEMENT ORDER

This cause is before the court for case management. The plaintiff originally filed his case in the United States Court for the Southern District of Illinois.   The court noted that venue for the plaintiff's claims was in the Central District of Illinois and the case was therefore transferred to this district.

The court conducted a merit review of the plaintiff's original complaint and found that it was a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* September 22, 2009 Merit Review Order.   The plaintiff was given additional time to file an amended complaint and has now filed his motion to amend his complaint with a proposed complaint attached.  The motion to amend is granted. [d/e 20]

The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a pro se prisoner, filed his amended complaint pursuant to 42 U.S.C. §1983 against Hill Correctional Center Warden Hulick and former Illinois Department of Corrections Director Roger Walker.   The plaintiff says his lawsuit is based on "false imprisonment," "false reported facts" and "defamation of character." (Amd. Comp, p. 1).   The plaintiff is apparently alleging that he was arrested on a faulty warrant and is not guilty of any criminal offense.  The plaintiff does not state the basis of his incarceration, but claims he has been held "hostage." (Amd. Comp, p. 1)   The plaintiff also makes several vague allegations that his constitutional rights were violated and he was not treated properly during his incarceration.  Finally, the plaintiff does not specify what relief he is requesting in his complaint, but the court notes that the plaintiff asked for damages only in his initial lawsuit. [d/e 1]

The plaintiff has failed to articulate a violation of his constitutional rights.    The plaintiff cannot question the validity of his incarceration in a §1983 lawsuit.  "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  This holding has been

1

extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).   The court obviously cannot consider the plaintiff's claim that he was falsely imprisoned and held hostage without implying that the underlying conviction or parole violation was invalid. Therefore, the plaintiff must be able to demonstrate that the charges were expunged before he can file this lawsuit.

The remainder of the plaintiff's lawsuit also does not provide any specific allegations that any particular defendant violated the plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1)   **The plaintiff's motion to amend his complaint is granted. [d/e 20]**

2)   **The plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied as moot [d/e 21, 23], and this case is closed, with the parties to bear their own costs.**

3)   **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

4)   **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

5)    **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

6)   **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

7)   **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the**

**plaintiff plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 2nd day of August, 2010.

**\s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE